UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

| | |
|---|---|
| JASON LEE MINYARD, #416012, | |
| Plaintiff, | Case No. 1:09-cv-90 |
| v. | Honorable Paul L. Maloney |
| VIVIAN BURRELL, | **REPORT AND RECOMMENDATION** |
| Defendant. | |

This is a civil rights action brought *pro se* by a state prisoner under 42 U.S.C. § 1983. Plaintiff filed this lawsuit in 2009 alleging that a year earlier he had been assaulted by Prisoner Kurzak at the Earnest C. Brooks Correctional Facility (LRF). Plaintiff alleges that the post-fight medical treatment he received from Nurse Vivian Burrell violated his rights under the Eighth Amendment's Cruel and Unusual Punishments Clause. Defendant was served with process in September 2009. (docket # 10). The Clerk entered a default on December 8, 2009. The matter is before the court on plaintiff's motion for entry of a default judgment in an amount in excess of $500,000.00 dollars. (docket # 13). For the reasons stated herein, I recommend that plaintiff's motion be granted in part and denied in part, and that a default judgment be entered in plaintiff's favor against defendant in the amount of $4,369.06. I further recommend that plaintiff's requests for an award of costs be dismissed as premature under Rule 54.1 of the Local Civil Rules of the Western District of Michigan.

**Discussion**

Plaintiff is entitled to a judgment as to defendant's liability because she ignored this lawsuit after being served with process. However, a default judgment on well-pleaded allegations "establishes only defendant's liability; plaintiff must still establish the extent of damages." *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 110 (6th Cir. 1995). "'Even when a default judgment is warranted based on a party's failure to defend, the allegations of the complaint with respect to the amount of damages are not deemed true. The district court must instead conduct an inquiry to ascertain the amount of damages with reasonable certainty.'" *Vesligaj v. Peterson*, 331 F. App'x 351, 355 (6th Cir. 2009) (quoting *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999)). This inquiry need not include a hearing. *See Vesligaj*, 331 F. App'x at 355; *see also Hitachi Med. Sys. Am., Inc. v. Lubbock Open MRI, Inc.*, No. 5:09cv847, 2010 WL 5129311, at * 1 (N.D. Ohio Dec. 10, 2010); *Kingvision Pay-Per-View, Ltd. v. Lalaleo*, 429 F. Supp. 2d 506, 513 (E.D.N.Y. 2006). No hearing is warranted where, as here, the defendant submits no evidence opposing the plaintiff's evidence (docket # 15). *See Lanzafame v. Toquir Contracting, Inc.*, 545 F. Supp. 2d 255, 257 (E.D.N.Y. 2007). Reliance on affidavits and other documentary evidence is appropriate. *See Briarpatch Ltd., L.P. v. Geisler Roberdeau, Inc.*, 513 F. Supp. 2d 1, 4 (S.D.N.Y. 2007). A court may not rubber-stamp the non-defaulting party's damages calculation, but rather must ensure that there is a basis for the damages sought. *See Overcash v. United Abstract Group, Inc.*, 549 F. Supp. 2d 193, 196 (N.D.N.Y. 2008); *see also Northwest Administrators, Inc. v. Uzunov Trucking, LLC*, No. C09-1229, 2010 WL 933873, at * 1 (W.D. Wash. Mar. 11, 2010) ("The entry of default does not convert this court into a rubber stamp for whatever judgment a plaintiff proposes."). "Even in the default judgment context, '[a] court has an obligation to assure that there is a legitimate basis for any

damage award it enters.'" *Ward v. Real Ships, Inc.*, No. 09-65, 2009 WL 2783217, at * 3 (S.D. Ala. Aug. 31, 2009) (quoting *Anheuser Busch, Inc. v. Philpot*, 317 F.3d 1264, 1266 (11th Cir. 2003)).

Plaintiff seeks $250,000.00 for pain and suffering. This is patently excessive. Nurse Burrell did not break plaintiff's jaw. She treated plaintiff after his fight with inmate Kurzak, but, according to plaintiff's complaint, she failed to recognize that his jaw was broken and denied his request to be taken to a hospital.[1] I find that $4,000 ($1,000 per day for the alleged four-day delay in taking him to the hospital) is appropriate compensation for any injury caused by Nurse Burrell.

Plaintiff's request for $250,000.00 for future pain and suffering must be denied because it is not adequately supported. Plaintiff's statement that he will continue to suffer pain is conclusory, and his statement that he will need at least one future surgery is of no assistance. Plaintiff broke his jaw in a fight with inmate Kurzak. There is no evidence that plaintiff would not have required the same unspecified future surgical procedure absent defendant's conduct.

Plaintiff requests "interest" in the amount of $30,000.00. I find that an award of prejudgment interest is appropriate, but in an amount well below the amount requested. "[T]he statutory postjudgment framework set forth in 28 U.S.C. § 1961 is a reasonable method for calculating prejudgment interest awards."[2] *Ford v. Uniroyal Pension Plan*, 154 F.3d 613, 619 (6th Cir. 1988); *see Loesel v. City of Frankenmuth*, 743 F. Supp. 2d 619, 649 (E.D. Mich. 2010). Section

---

[1] The other allegations in the complaint fall short of deliberate indifference. Plaintiff did not invoke the court's supplemental jurisdiction and did not comply with any of the statutory prerequisites to bringing a state-law malpractice claim. *See* MICH. COMP. LAWS §§ 600.2912b and 600.2912d; *Burton v. Reed City Hosp.*, 691 N.W.2d 424, 427-28 (Mich. 2005).

[2] The court is not obligated to adopt the statutory postjudgment rate for calculating prejudgment interest. *See EEOC v. Wooster Brush Co. Employees Relief Ass'n*, 727 F.2d 566, 579 (6th Cir. 1984). However, "the § 1961 rate has been upheld numerous times." *Rybarczyk v. TRW, Inc.*, 235 F.3d 975, 986 (6th Cir. 2000).

1961 provides for interest from the date of judgment "at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment," compounded annually. 28 U.S.C. § 1961(a), (b). Applying this formula from the date plaintiff filed his complaint (*see* Attachment #1), plaintiff is entitled to a total of $369.06 in pre-judgment interest. Post-judgment interest will not begin to accrue until after the entry of a final judgment.

Rule 54.1 of the Local Civil Rules of the Western District of Michigan states that if the parties cannot agree, "a bill of costs shall be filed with the Clerk within twenty-eight (28) days from the entry of judgment." W.D. MICH. LCIVR 54.1. Accordingly, plaintiff's request for an award of costs should be dismissed as premature.

**Recommended Disposition**

For the foregoing reasons, I recommend that plaintiff's motion for entry of a default judgment (docket # 13) be granted in part and denied in part. I further recommend that a default judgment be entered in plaintiff's favor against defendant in the amount of $4,369.06. I further recommend that plaintiff's request for an award of costs be dismissed as premature.

Dated:  August 9, 2011         /s/  Joseph G. Scoville
                               United States Magistrate Judge

**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely and specific objections may constitute a waiver of any further right of appeal. *See Thomas*

*v. Arn*, 474 U.S. 140 (1985); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir.), *cert. denied*, 129 S. Ct. 752 (2008); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006). General objections do not suffice. *Spencer v. Bouchard*, 449 F.3d 721, 724-25 (6th Cir. 2006); *see Frontier*, 454 F.3d at 596-97; *McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006).