UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| JASON LEE MINYARD, #416012, )<br>    Plaintiff, )<br>)<br>-v- )<br>)<br>VIVIAN BURRELL, )<br>    Defendant. )<br>_____ ) | No. 1:09-cv-00090<br><br>HONORABLE PAUL L. MALONEY |

### ORDER ADOPTING REPORT AND RECOMMENDATION OVER OBJECTIONS

Before this court is a Report and Recommendation issued by Magistrate Judge Scoville. (ECF No. 23.)

**I.  BACKGROUND**

This is a civil-rights suit brought *pro se* by Jason Lee Minyard, a state prisoner, under 42 U.S.C. § 1983. Mr. Minyard alleges that in 2008, he was assaulted by another prisoner at the Earnest C. Brooks Correctional Facility (LRF). After the fight, he was treated by Nurse Vivian Burrell. Mr. Minyard alleges that this medical treatment violated his rights under the Eighth Amendment.

Mr. Minyard filed this suit on February 5, 2009, and Ms. Burrell was served with process by September of that year. On December 8, 2009, with no answer from Ms. Burrell, the Clerk entered a default. Mr. Minyard then moved for entry of a default judgment of $500,550.00 against Ms. Burrell.

On August 9, 2011, Magistrate Judge Scoville issued a Report and Recommendation ("R&R") (ECF No. 23) that Mr. Minyard's motion be granted in part and denied in part. In particular, the magistrate judge recommended that a default judgment be entered in Mr. Minyard's favor, but in the amount of $4,369.06. The magistrate judge further recommended that Mr.

Minyard's request for an award of costs be dismissed as premature under Local Civil Rule 54.1. Mr. Minyard timely filed objections to the R&R. (ECF No. 26.)

## II. STANDARD OF REVIEW

Parties have 14 days to file written objections to the proposed findings and recommendations in a magistrate judge's report and recommendation ("R&R"). 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). A district court judge reviews *de novo* the portions of the R&R to which objections have been filed, and may accept, reject, or modify, in whole or in part, the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Only specific objections are entitled to *de novo* review under the statute, *see Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam), and the statute does not "positively require[] some lesser review by the district court when no objections are filed." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Failure to object to an issue waives that issue, along with the party's right to appeal that issue. *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005); *see Arn*, 474 U.S. at 155 (upholding the Sixth Circuit's practice).

## III. DISCUSSION

Mr. Minyard's objections cover seven main points. I address each in turn.

First, Mr. Minyard objects to the magistrate judge's finding that a $250,000 award for Mr. Minyard's pain and suffering would be "patently excessive." He argues that this finding was deficient because the magistrate did not review Mr. Minyard's medical files and did not order any type of discovery.

This objection is OVERRULED. Mr. Minyard admits that "he must establish the extent of his damages," but nonetheless tries to fault the magistrate for not looking beyond the record that Mr. Minyard had created. The magistrate judge clearly informed Mr. Minyard that he was responsible

for bringing factual materials to the court's attention. In his Order of March 25, 2010, Magistrate Judge Scoville gave Mr. Minyard until April 23, 2010 to submit an affidavit "[i]n order to create a factual record for the assessment of damages." (ECF No. 14.) The magistrate judge stated that "[t]he affidavit must set forth facts sufficient for the court to make findings concerning the nature and extent of plaintiff's injuries suffered as a result of defendant's conduct," and he specifically noted that "Plaintiff may attach to his affidavit any documents that support his position." (*Id.*) The magistrate judge did not err by failing to order discovery or review files that Mr. Minyard did not put before the court.

Second, Mr. Minyard also objects that the magistrate judge erred "when he refused to order and conduct a hearing so he could properly effectuate a fair and just inquiry" into the extent of Mr. Minyard's injuries, pain, and suffering.

This objection too is OVERRULED. Fed. R. Civ. P. 55(b)(2) states that "[t]he court ***may*** conduct hearings . . . when, to enter or effectuate judgment, it needs to . . . determine the amount of damages." *Id.* (emphasis added). This language is permissive. It does not require a hearing, and Mr. Minyard cites no case stating that the court must hold a hearing here, where Ms. Burrell submitted nothing in opposition. Accordingly, the magistrate judge did not err by not holding a hearing before deciding Mr. Minyard's motion. *See SEC v. Smyth*, 420 F.3d 1225, 1231–32 n.13 (11th Cir. 2005); *State Farm Bank, F.S.B. v. Sloan*, 2011 WL 2144227, 3 (E.D. Mich. May 31, 2011).

Third, Mr. Minyard objects that the magistrate judge erred by "not properly assuring the legitimacy of the basis for the damage award it recommended."

Mr. Minyard does not, however, point to any portion of the magistrate judge's R&R that is

3

allegedly illegitimate. Nor does he make any argument supporting his claim that the magistrate judge failed to properly assure the legitimacy of the basis for his recommended damage award. Thus, this objection is insufficiently specific to require review by this court, and it shall be considered waived. To the extent that Mr. Minyard does make a specific objection in this section, however, the objection is OVERRULED. The magistrate judge properly rejected Mr. Minyard's requested damages as unsupported. He then determined that a $4,000 award—that is, $1,000 per day that Ms. Burrell delayed in taking Mr. Minyard to a hospital for his broken jaw—was appropriate pain-and-suffering compensation for Mr. Minyard's injury, as Mr. Minyard had failed to establish any further damages. The magistrate judge then calculated prejudgment interest based on a reasonable, well supported statutory framework and declined to order costs as premature. This determination of damages was entirely reasonable and legitimate, particularly given the paucity of evidence that Mr. Minyard presented in favor of his proposed award. Mr. Minyard cites *Anheuser Busch, Inc. v. Philpot*, 317 F.3d 1264 (11th Cir. 2003), for the proposition that "[a] court has an obligation to assure that there is a legitimate basis for any damage award it enters," but he ignores the actual holding of the opinion, which upheld a district court's decision to void its prior default judgment and instead enter judgment against a plaintiff who failed to prove any damages. *Id.* at 1266. Here, the magistrate judge properly rejected Mr. Minyard's speculative and entirely unproven damages request. Rather than entering judgment in favor of defendant and granting Mr. Minyard no recovery at all, as the *Anheuser Busch* court approved, the magistrate judge determined on his own initiative that Mr. Minyard was reasonably due $4,369.06 in damages and prejudgment interest. The magistrate judge's decision was reasonable, based on the facts of this case and the record before him, and this court sees no evidence that the decision was illegitimate in any way.

Fourth, Mr. Minyard objects to the magistrate judge's citation of unpublished opinions in the R&R. Because these opinions are only available to him through non-free services, Mr. Minyard argues that this court should send him copies and defer judgment until he has an opportunity to read them and respond.

This objection is OVERRULED. This is not an objection to the magistrate judge's R&R, and Mr. Minyard does not claim that the unavailability of legal materials violates his constitutional right of access to the courts. *See, e.g.*, *Bounds v. Smith*, 430 U.S. 817 (1977). This court thus declines to defer its judgment on these objections.

Fifth, Mr. Minyard objects to the magistrate's finding that "Plaintiff's statement that he will continue to suffer pain is conclusory, and his statement that he will need at least one future surgery is of no assistance." Mr. Minyard asks the court to order the production of his medical files, "so a proper evaluation and assessment can be effectuated."

This objection too is OVERRULED. As discussed above, Mr. Minyard was responsible for establishing the extent of his damages. Mr. Minyard did in fact submit to the court several health-care request forms, but his failure to provide his entire medical record is not the magistrate judge's error. Based on the lack of evidence submitted by Mr. Minyard, the magistrate judge correctly determined that Mr. Minyard's prediction of future pain and suffering is conclusory.

Sixth, Mr. Minyard objects to the amount of pre-judgment interest awarded. He states that he does not object to the method used by the magistrate judge to calculate interest; what he objects to is the base damages amount. Because this court overrules Mr. Minyard's direct objections to the magistrate judge's damages award, this objection too must be OVERRULED.

Finally, Mr. Minyard states that he has now been diagnosed with post-traumatic stress

5

disorder as a result of the assault. He again asks the court to order his medical records.

This request does not belong in a set of objections to the magistrate judge's R&R. Mr. Minyard did not claim to the magistrate judge that he suffered from post-traumatic stress disorder, and he does not point to any portion of the R&R to which he objects. To the extent that Plaintiff's statements under this heading constitute an objection to the R&R, the objection is OVERRULED, as it provides no basis for this court to determine that the magistrate judge's R&R was incorrect in any way.

For the reasons discussed above, **IT IS HEREBY ORDERED** that:

1. The report and recommendation (ECF No. 23) is **ADOPTED**, over objections, as the opinion of this court;

2. Plaintiff's Motion for Default Judgment (ECF No. 13) is **GRANTED IN PART** and **DENIED IN PART**;

3. A default judgment shall be entered in Plaintiff's favor, against Defendant, in the amount of $4,369.06; and

4. Plaintiff's request for an award of costs is **DISMISSED** as premature.

Date:  November 1, 2011              /s/ Paul L. Maloney
                                      Paul L. Maloney
                                      Chief United States District Judge